UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRANK GAMBINO, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-8634 |
| STANDARD FIRE INSURANCE COMPANY, ET AL. | * | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 6). For the following reasons, the Plaintiffs' motion is now GRANTED. Accordingly, Alliance's Motion for Summary Judgment (Rec. Doc. 11) is DENIED as the Court does not have jurisdiction to hear this motion.

### I.   BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home located at 1113 Aurora Avenue in Metairie, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Standard Fire Insurance Company, the Plaintiffs' homeowners' insurance carrier, and Alliance Insurance Agency Services Inc. ("Alliance").

In August of 2006, the Plaintiffs filed the present action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. The Plaintiffs seek payment for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. The Plaintiffs also allege that Alliance made various misrepresentations and failed to advise them of available coverage limits and failed to procure adequate insurance.

The Defendants removed this case to federal court on October 19, 2006, contending that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072. On November 20, 2006, the Plaintiffs filed the instant motion to remand. In their motion to remand, the Plaintiffs "stipulate" that "damages sued upon herein are not the result of flooding" and "that the damages sued upon herein do not exceed $75,000."

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

In its notice of removal, Alliance only asserts federal question jurisdiction. Indeed, Alliance argues that all flood claims, including failure to procure flood insurance, should be governed by federal law. But the Plaintiffs' petition makes no mention of a flood policy. Rather, the Plaintiffs' allegations relate solely to their homeowners' policy. The Defendants' subsequent pleadings recognize that this case involves a homeowners' policy and attempt to present independent arguments concerning diversity jurisdiction. However, the Court cannot consider this new basis for federal jurisdiction, as it was not mentioned in the notice of removal. *See, e.g., Augustine v. Alliance Ins. Agency Servs., Inc.*, No. 06-9062, 2007 WL 38320 (E.D. La.

Jan. 3, 2007).  Nevertheless, it should be noted that without further factual development, the Court could not conclude that the Plaintiffs have no possibility of recovery against the in-state defendant in this case.  *See, e.g., Maco Serv., Inc. v. Allstate Ins. Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); *S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006).

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is GRANTED and that this matter is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

IT IS FURTHER ORDERED that Alliance's Motion for Summary Judgment (Rec. Doc. 11) is DENIED as the Court does not have jurisdiction to hear this motion.

New Orleans, Louisiana, this   23rd   day of   February  , 2007.

_____
UNITED STATES DISTRICT JUDGE